UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN POTTS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:12-cv-763 |
| | ) |
| WAYNE DAIRY PRODUCTS, INC., | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. Nature of the Case

1. This is an action brought by Plaintiff, Kevin Potts (hereinafter "Potts" or "Plaintiff"), by counsel, against Defendant, Wayne Dairy Products, Inc., (hereinafter "Defendant"), pursuant to the American with Disabilities Amendments Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq.

### II. PARTIES

2. Potts at all times relevant to this litigation, worked within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a corporation doing business in the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 42 U.S.C. § 12117.

5. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(A).

6. Potts was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7. Plaintiff is an individual who has been regarded as having a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2) and/or Plaintiff is an individual with a disability and/or record of a disability, as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8). Plaintiff is a "qualified individual with a disability" and/or has been perceived by Defendant to be disabled.

8. Potts exhausted his administrative remedies by timely filing a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (Charge Number 470-2012-00071), alleging discrimination on the basis of disability and retaliation. Potts received his Notice of Suit Rights after the EEOC found reasonable cause to believe that the Defendant discriminated against Potts based on his record of disability by terminating his employment in retaliation for requesting a reasonable accommodation. Potts received the appropriate Notices of Suit Rights and brings this original action within ninety (90) days of his receipt thereof.

9. All events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Potts was hired by Defendant on or about April of 1991 in the position of general laborer.

11. At all relevant times, Potts has met or exceeded Defendant's legitimate performance expectations.

12. On or about July 10, 2011 Potts suffered an on the job work injury that required medical treatment.

13. On July 12, 2011 Potts was released by his healthcare provider to return to work with temporary restrictions. At the time Potts requested that Defendant provide him with a reasonable accommodation.

14. Defendant refused to allow Potts to return to work stating that there was no work that Plaintiff could perform to meet his restrictions.

15. Potts requested that Defendant allow him to work certain machinery that would comply with his restrictions.

16. Defendant refused to allow Potts to perform this work or to return to work until July 21, 2011 when Plaintiff's healthcare provider anticipated that Plaintiff would be released to return to full duty without any restrictions.

17. Defendant took this action despite the fact that there was work which Plaintiff could perform with and/or without a reasonable accommodation.

18. On July 21, 2011 Defendant terminated Plaintiff's employment. Plaintiff was terminated when he attempted to return to work without restrictions.

19. Defendant's reasons for terminating Plaintiff are pretextual.

20. Defendant terminated Plaintiff due to his disability and/or record of disability and in retaliation for requesting a reasonable accommodation. Alternatively, Defendant unlawfully regarded Potts as disabled.

21. Potts could perform the essential functions of his position with Defendant with a reasonable accommodation. In addition, Potts could perform the essential functions of numerous positions with Defendant with and/or without a reasonable accommodation

22. Defendant unlawfully regarded and/or perceived Potts as an individual who was

disabled despite knowing that Potts could still perform the essential functions of positions with and/or without a reasonable accommodation.

23. Additionally, Defendant did not engage in any proper or interactive process as required by the ADA with Potts.

24. Potts has been unlawfully discriminated against and retaliated against with regard to the terms and conditions of his employment.  Similarly situated non-disabled individuals and those who have not requested a reasonable accommodation have received more favorable treatment as compared to Potts.

25. Potts was replaced and/or his duties were assumed by non-disabled and less qualified individual(s).

26. Potts is both a qualified and is regarded as an individual with a disability as defined by the Americans with Disabilities Act (ADA), as amended, 42 USC Section 12101 et seq.. Despite Potts' disability, record of disability, and/or Defendant's perception of Potts' disability he can still perform the essential functions of his position with the Defendant.

27. Defendant violated Potts' rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

28 Defendant's actions were willful and done in reckless disregard for Potts' legally protected rights.

29. Potts has been and continues to be economically, physically, and emotionally harmed because of Defendant's discriminatory and retaliatory actions.

## COUNT I

## VIOLATIONS OF THE ADA

30. Potts hereby incorporates paragraphs 1-29 of his Complaint.

31. Potts has a physical impairment which substantially limits one or more of his major life activities, including but not limited to working. Potts disability affected such functions including, but not limited to, his ability to lift, twist, run, jump, and climb. Plaintiff also has artificial hips.

32. Alternatively, Defendant unreasonably regarded Potts as having a disability that interfered with his ability to perform his job.

33. Defendant terminated Potts based on his disability, record of disability, and/or its perception of him being disabled.

34. Defendant failed and/or refused to engage in the interactive process with Potts.

35. Defendant refused to provide a reasonable accommodation to Potts.

36. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Potts rights as protected by the ADA.

## COUNT II

## RETALIATION – ADA

37. Potts hereby incorporates paragraphs 1-36 of his Complaint.

38. Defendant terminated Potts in retaliation for his request for a reasonable accommodation.

39. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Potts' ADA rights.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Kevin Potts, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2. Pay to Plaintiff all of his lost wages and benefits;

3. Pay to Plaintiff compensatory damages;

4. Pay to Plaintiff punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest on all sums recoverable;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and

7. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)

*s/ Ryan C. Fox*
Ryan C. Fox (21631-49)

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN  46204
Telephone:  (317) 955-9500
Facsimile:   (317) 955-2570
Email: jhaskin@hlllaw.com
           rfox@hlllaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Kevin Potts, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

                    Respectfully submitted,

                    *s/ John H. Haskin*
                    John H. Haskin (7576-49)